*TOLEDO & OHIO CENTRAL RY. v. JOHN FIPPIN.

1. PASSENGER IN VEHICLE REQUIRED TO WARN DRIVER OF DANGER NOT MANIFEST TO DRIVER, BUT NEGLIGENCE OF DRIVER IS NOT IMPUTABLE PER SE.

A passenger in a vehicle who sees or hears anything indicating danger that the driver cannot, or probably does not, see or hear, is bound to warn the driver thereof; but it is not incumbent upon the passenger to call attention to every approaching vehicle or possible peril, which is as manifest to the driver as to the passenger.

2. VERDICT NOT REVERSED FOR FAILURE TO EXCLUDE DRIVER FROM PARTICIPATION IN DAMAGES AWARDED ON COUNT OF FATAL INJURIES. TO WIFE.

The question of a driver's contributory negligence as a cause of an accident not being raised by the pleadings, a reviewing court. is not at liberty to hold the verdict erroneous, in that it contains no finding whereby he may be excluded from participation in the damages awarded on a count of fatal injuries to his wife sustained in the collision which occurred with a railway train.

ERROR to common pleas court.

*A. T. Seymour* and *L. F. Sater,* for plaintiff in error.
*J. F. Rogers* and *G. S. Peters,* for defendant in error.

---

*Affirmed, no op., *Toledo & O. C. Ry.* v. *Fippin,* 86 O. S. 000; 57 Bull. 196.

Franklin County.

**DUSTIN, J.**

Our conclusions in this case are as follows:

1. That the railway company was negligent in not having a watchman at the crossing, and in not providing gates.

2. That John Fippin was guilty of negligence contributing to the accident to his wife (a) in not checking his horses; (b) in failing to see Mr. Zetty (a volunteer watchman). If he had looked for the regular watchman he would have observed Mr. Zetty in time to stop his horses; (c) in not looking and listening for trains.

3. That the negligence of Mr. Fippin was not imputable to his wife.

It was not a case of a joint enterprise where she furnished the eyes or ears, as in *New York, C. & St. L. Ry.* v. *Kistler,* 66 Ohio St. 326 [64 N. E. Rep. 130]. His sight and hearing were good, and he was an experienced driver, using his own horses, with which he was presumably familiar.

She had no knowledge of the situation superior to him. If she saw or heard anything indicating danger that the driver could not, or probably did not, see or hear, it was her duty to tell him. We think it is not incumbent upon a passenger in a wagon to tell the driver of every approaching vehicle, and every car, car-track, hole in the road, stone or gutter. Such a course of conduct would be an annoyance, calculated to confuse the driver and increase the dangers of travel.

Mrs. Fippin had a right to trust in her husband as the head of the family, and his judgment and skill as a driver; and that he would heed all apparent warnings and avoid all apparent dangers. As soon as she realized that collision with the train was imminent, she left her seat and prepared to jump from the wagon. That act was a notice to her husband, quicker and more effective than words. It was also a prompt attempt to escape the peril. It at once brought the husband to his senses and he made efforts to escape, but too late. The lamentable accident was largely his fault, but we cannot see that any of it was attributable to her.

Railway v. Fippin.

4. There was no error in refusing special instructions **1** and 2. They wrongly put the burden on plaintiff to establish his freedom from negligence.

5. If the pleadings permitted, we should hold that the verdict is erroneous in that it does not find John Fippin guilty of contributory negligence, and thereby exclude him from participation in the verdict. The answer does not charge him with contributory negligence. Nor was there any amendment after the verdict to correspond with the evidence. We must consider, therefore, that the point was waived. It comes too late, now, to make it in the brief.

We find no prejudicial errors, and the judgment must be affirmed.

**Sullivan** and **Allread, JJ.,** concur.